**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| LANISA KELLY, individually and on behalf of all similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:15-cv-00126-TWP-DML |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Lincoln National Life Insurance Company's ("Lincoln"), Motion to Dismiss. (Filing No. 13.) Lincoln argues that the Plaintiff, Lanisa Kelly's ("Kelly"), class claim action in this matter is duplicative or subsumed by claims raised in a related case, *Kennedy v. Lincoln Nat'l Life Ins. Co*., No. 4:15-cv-00099-TWP-DML. ("*Kennedy*"). In her response to the Motion, Kelly concedes that her "offset" class claim is sufficiently similar to the class claims raised in the *Kennedy* case. (Filing No. 21 at 4.) However, rather than suffer an outright dismissal of her case, she requests consolidation of the similar claim with the *Kennedy* case. *Id*. at 4-5. Specifically, Kelly makes the following request:

> While the other pending cases contain offset claims that are similar to Kelly's offset claims, Lincoln's motion should be denied. Dismissal with prejudice is inappropriate as it would prevent Kelly from obtaining any relief-either for her benefits claim (which is not present in the other cases) and for offset claim. Instead, the proper course of action is for the Court to consolidate the Kelly offset claims with the *Kennedy* claims and to allow her benefits claim to proceed as filed.

*Id*. Although Kelly suggested a resolution of her similar class claim, she did not offer a suggestion of what should be done about her "benefits" claim, which she maintains is independent of her class action "offset" claim.

Lincoln argues that dismissal of Kelly's "offset" claim is more appropriate than consolidation. Lincoln contends that Kelly's attorneys filed this lawsuit to avoid a stay or dismissal of the *Kennedy* case and argue that granting consolidation would reward "gamesmanship". (Filing No. 22 at 8-9.) Specifically, Lincoln asserts that this case was filed by the same attorneys in the *Kennedy* case the day after Lincoln revealed that it was filing a motion to dismiss or stay in the *Kennedy* case. *Id*. ("[p]laintiff's improper use of duplicative lawsuits for tactical, procedural reasons should not be rewarded by this Court by honoring Plaintiff's counsel's request to consolidate the improperly filed actions."). As a result, Lincoln argues that Kelly's case should be dismissed without prejudice, allowing the *Kennedy* class claims to proceed as first filed and allowing Kelly to file a new lawsuit to address her unrelated "benefits" claim.

On May 23, 2016, this Court stayed the *Kennedy* case. In so ruling, the Court noted that the *Kennedy* case also paralleled a first-filed state court case[1] and concluded that a stay would avoid piecemeal litigation, "given that the parties' claims are likely to be substantially or fully resolved by the state action". (*See Id.* at Filing No. 28, p. 3.)

In the instant case, Kelly has conceded that her "offset" class claim is identical or is otherwise subsumed by the claims raised in the *Kennedy* case. As such, a resolution of the parallel state court case would have the same effect on the class claims raised in the *Kennedy* case and on Kelly's "offset" class claim. Accordingly, the reasons justifying a stay in the *Kennedy* case also apply in Kelly's case, at least to her class "offset" claim. Rather than consolidate Kelly's "offset" claim, the more prudent approach is to also stay Kelly's case pending resolution of the parallel state court case.

---

[1] The state action is pending in the Washington Circuit Court, State of Indiana, Case No. 88C01-1411-PF-000652.

In addition, the Court considers it appropriate to also stay Kelly's case pending resolution of the *Kennedy* case, in that Kelly raises an unrelated "benefits" claim in addition to her similar class claim.  *See Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, *5 (N.D. Ill. 2012) (quoting *Cent. States, S.E. & S.W. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000) ("[w]hen comity among tribunals justifies giving priority to a particular suit, the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests"); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("[e]ven when prudence calls for putting a redundant suit on hold, it must be stayed rather than dismissed unless there is no possibility of prejudice to the plaintiff.").

Accordingly, the Court **DENIES without prejudice** Lincoln's Motion to Dismiss.  ([Filing No. 13](#).)  Instead, this action is **STAYED** pending resolution of both the state court action and the *Kennedy* case.  Should Kelly opt to pursue her unrelated "benefits" claim now, rather than await a resolution of both the parallel state court case and the *Kennedy* case, Kelly may move to either lift the stay solely for her "benefits" claim or move to dismiss her "benefits" claim without prejudice and refile it in a separate lawsuit.

The parties are **ORDERED** to submit a joint status report to this Court detailing the status of both the state court action and the *Kennedy* case within six (6) months from the date of this Entry, or within seven (7) days of the conclusion of both the state court action and the *Kennedy* case, whichever event occurs first.[2]

**SO ORDERED.**

Date: 6/2/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[2] The Court notes that attorneys in the *Kennedy* case also represent the parties in the Kelly case.  As such, there is no doubt that the parties in the *Kelly* case are following the two related matters.

3

DISTRIBUTION:

John M. Scannapieco
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
jscannapieco@bakerdonelson.com

Bart A. Karwath
BARNES & THORNBURG LLP (Indianapolis)
bart.karwath@btlaw.com

Jennifer Tudor Wright
BARNES & THORNBURG LLP (Indianapolis)
jennifer.tudor@btlaw.com

Andrew M. Grabhorn
GRABHORN LAW OFFICE PLLC
a.grabhorn@grabhornlaw.com

Michael D. Grabhorn
GRABHORN LAW OFFICE, PLLC
m.grabhorn@grabhornlaw.com