UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LANISA KELLY, individually and on behalf of all similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:15-cv-00126-TWP-DML<br>) |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiff Lanisa Kelly's ("Kelly") Objections to the Magistrate Judge's Order on her Motion to Compel Defendant Lincoln National Life Insurance Company ("Lincoln") to provide documents responsive to all of Kelly's written discovery requests. ([Filing No. 86.](#)) For the reasons stated below, the Court **grants in part** and **denies in part** Kelly's objections.

## I. LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly deferential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## II. BACKGROUND

Kelly instituted this lawsuit on September 3, 2015, alleging that Lincoln wrongfully denied her long term disability insurance benefits. ([Filing No. 1](#).) Litigation in this case is currently stayed pending the Court's ruling on Kelly's objections to Magistrate Judge Debra McVicker Lynch's (the "Magistrate Judge") decision resolving discovery disputes. ([Filing No. 95](#).) The parties' counsel have had an unfortunate history in this case of acting uncooperatively toward each other and the Magistrate Judge has frequently had to adjudicate both petty and valid disputes. ([Filing No. 84 at 1](#).) On October 17, 2017, the Magistrate Judge held a discovery conference with the parties, and ordered Lincoln to respond substantively to Kelly's discovery requests. ([Filing No. 64](#).) Following the conference, Lincoln produced Kelly's claim file, but refused to produce anything else and did not provide a written supplemental response as promised during the October discovery conference. ([Filing No. 84 at 2](#).) On December 1, 2017, Kelly submitted written discovery requests. ([Filing No. 68-1](#).) On December 6, 2017, the Magistrate Judge again was called upon to conduct a brief discovery conference, in which Lincoln was ultimately ordered to serve any supplemental discovery responses which included written responses, documents being produced, and any privilege logs. ([Filing No. 71](#).) On December 12, 2017, Lincoln served Kelly with its supplemental responses. ([Filing No. 72-1](#).) Lincoln marked every single document "confidential" and based on this and several other objections, Kelly filed a Motion to Compel with

the Magistrate Judge. (*See* Filing No. 86 at 9-10; Filing No. 72-1.) On January 25, 2018, the Magistrate Judge granted in part and denied in part Kelly's Motion to Compel. (Filing No. 84 at 15.) Lincoln was ordered to supplement its answer to Requests 11 through 16 and the Magistrate Judge extended certain deadlines. The remaining requests were denied. The Magistrate Judge's Order on Outstanding Discovery Disputes (Dkt. 72) and Extending Discovery and Expert Deadlines addressed general objections that applied to all requests before resolving the parties' disputes on a document request by document request basis objections. (Filing No. 84 at 3.) On February 8, 2018, Kelly appealed the Magistrate Judge's ruling on various grounds. (Filing No. 86.)

### III. DISCUSSION

Kelly objects to the Magistrate Judge's ruling regarding Lincoln's general objections and objections to certain document requests. The Court will address each objection in turn. Kelly does not object to the Magistrate Judge's Order regarding Lincoln's confidentiality designations. (Filing No. 84 at 3.)

**A.     General Objections**

The Magistrate Judge's Order denied Kelly's Motion to Compel Lincoln's response on Lincoln's "general objections". Kelly contends that Lincoln's objections to her requests were based on boilerplate objections such as "vague", "ambiguous", or "unduly burdensome" and should all be stricken in their entirety. (Filing No. 86 at 12.) The Magistrate Judge noted that in many instances the verbiage of general objections have no legal effect, but also stated that this Court does not follow a policy that general objections can never be made in a discovery response. (Filing No. 84 at 4.) The Magistrate Judge found no benefit at this stage of the case to striking all of Lincoln's general objections or making rulings on each and every one of them. *Id.* Kelly has

not met the clearly erroneous standard, and the Court agrees with the Magistrate Judge's streamlining of the objections in focusing on the specific objections. *See id.* at 4-5.

Kelly also contends that the Magistrate Judge's conclusion that Lincoln's failure to identify requests that were supplemented did not require relief was in error. Specifically, the Magistrate Judge noted that Kelly "does not suggest that she cannot determine what documents go with which document requests, or cannot determine whether the answers to particular document requests changed from the language used in the June 2017 responses as compared to the language used in the December 2017 responses." *Id.* at 5. Kelly concedes that the Federal Rules do not specifically require Lincoln to identify what responses are being supplemented, but that it is common practice to identify what responses are being supplemented. ([Filing No. 86 at 13](#).) The Court agrees with the Magistrate Judge. Based on the order of events in this dispute, Kelly could determine which documents constituted supplemental document responses in that everything beyond the claim file's contents were supplemental document responses. ([Filing No. 84 at 5](#).)

Finally, Kelly does not object to the Magistrate Judge's ruling that she will not enter an order that Lincoln cannot rely, for any purpose, on any document that it did not produce, including in connection with summary judgment briefing or trial, at this time. *Id*. at 6. ("If Ms. Kelly believes that has occurred in the context of summary judgment or trial, she can make the appropriate motion.")

**B.     Specific Objections**

Kelly's specific objections relate to compelling Lincoln to respond to the following requests:

- Document Request 2

- Document Requests 11-16

- Document Requests 17-18

- Document Requests 23-24

- Document Requests 27-29

- Document Requests 35-50

The Court will address each document request in turn consolidating where Kelly's substantive objections effect multiple document requests.

### 1. Document Requests 2 and 11-16

In Document Requests 2 and 11 through16, Kelly requested medical records reflected in her claim file as well as documents relating to her examinations by a physician or specialist. ([Filing No. 68-1 at 3](#).) The Magistrate Judge denied Kelly's Motion to Compel as to these documents as she found that Lincoln had turned over this information with the claim file that was produced. ([Filing No. 84 at 6-7](#).) Kelly does not contend that the denial was in error. Additionally, the Magistrate Judge ordered Lincoln to identify by Bates number any documents that reflect the results of an in-person physical or mental examination of Kelly by a physician, specialist, or a vocational rehabilitation expert.

### 2. Document Requests 17-18

The Magistrate Judge denied Kelly's Motion to Compel relating to Document Requests 17 through 18 which sought information about reserves set by Lincoln for Kelly's disability benefits claim. In denying the Motion to Compel, the Magistrate Judge found "[t]here is no showing that the amounts of Lincoln National's loss reserves are relevant to any coverage issue in this case or to any particular theory the plaintiff may have that underlies her bad faith claim, and the court perceives none." *Id.* at 10. Kelly contends that the denial based on lack of relevance was in error and cites the case law from her initial Motion to Compel in support. ([Filing No. 86 at 14](#).)

Additionally, she contends that the denial relating to the reserves—which shed light on how Lincoln valued her claim and whether there was a lack of good faith regarding the claim—would effectively require her to prove her bad faith claim without any discovery, before being permitted to get discovery on her bad faith claim. *Id.* at 15. Lincoln responds that the reserve information is irrelevant, and that Kelly did not show that her request was proportional to her claims. ([Filing No. 90 at 4](#).)

The Court finds that the Magistrate Judge's ruling that the reserve information was irrelevant was in error as it was contrary to law. Kelly has met the minimal burden of showing that this information is relevant by her citations to numerous cases finding that reserve information is relevant. *See Park-Ohio Holdings Corp., v. Liberty Mut. Fire Ins. Co.,* 2015 U.S. Dist. LEXIS 112448, at *9 (N.D. Ohio Aug. 25, 2015) ("Information about the levels of reserve that insurance companies set aside for individual claims is relevant as information about Defendant's valuation of claims and could demonstrate a lack of good faith regarding settling the claim."). Kelly cited another case from within this Circuit, where the District Court for the Northern District of Illinois, held that reserves documents are relevant and must be produced, subject to any attorney-client or work product privileges. *Apex Mortg. Corp. v, Great Ins. Co.* 2018 U.S. Dist. LEXIS 3588, at *16 (N.D. Ill. Jan. 9, 2018). The *Apex Mortg.* court found reserve information particularly relevant in bad faith claims because insurers use reserves in the analysis and evaluation of the insured's settlement value. *Id.* at *15-16. Kelly also cited language from *Grange Mut. Ins. Co. v. Trude*,

> The relevance of procedures for setting reserves to a bad faith claim seems obvious. Reserve setting procedures are controlled in part by statute. Evidence of Grange's reserve setting procedures would help show whether Grange is following the statutory and regulatory requirements and whether the specific system for setting reserves is aimed at achieving unfairly low values. We find that this evidence is relevant to the bad faith claim.

151 S.W.3d 803, 813 (Ky. 2004). Because Lincoln's reserve information is relevant to how Kelly's claim was valued, Kelly has met the relevancy standard through her citations to case law which supports her position that reserve information may be probative regarding the value that was assigned to her individual insurance claim, as well as her bad faith claim in this litigation. The Court determines that it was contrary to law to rule that the reserve information was irrelevant in light of the case law presented to the Court. Kelly's Motion to Compel is **granted** on Document Requests 17 through 18. Lincoln must produce the reserve information subject to any amended privileges.

3. **Document Requests 23-24**

The Magistrate Judge denied Kelly's Requests 23 and 24 which sought compensation information (including bonus structure) and the job performance contents of personnel files of every employee identified in Lincoln's Rule 26 (a)(1) disclosures. (Filing No. 68-1 at 4.) In addition to the information being sensitive, private information of third-party employees, the Magistrate Judge found that the requests were overly broad and unduly burdensome as there was no reasonable limit on time or scope. (Filing No. 84 at 11.) As noted by the Magistrate Judge, Kelly's requests sought information beginning September 3, 2005, despite the fact that Kelly did not apply for disability benefits until 2011. *Id.* Kelly contends that "[t]he purpose for this time period was that it mirrored the applicable limitations period for breach of contract as measured from the date she filed her lawsuit—permitting Ms. Kelly to see any changes or patterns involved in the claim persons history." (Filing No. 86 at 16.)

Kelly contends that this information is relevant as it may lead to evidence concerning the credibility of Lincoln's claim personnel, as well as information relevant to her bad faith claim regarding whether or not Lincoln provides bonuses or incentives for claim denials. (Filing No. 86

7

at 16-17.) Lincoln responds that the request for such broad personal and private third-party information dating back to 2005 is not proportional to Kelly's personal claim for benefits that arose in 2011, and amounts to a fishing expedition for general information about Lincoln. (Filing No. 90 at 5-6.) Kelly has not shown that the Magistrate Judge's ruling on this request was clearly erroneous, and the Court agrees that Kelly's request was not proportional to the needs of her case, particularly when she requested personnel records that preceded her claim by an almost six-year period. The Court **overrules** Kelly's objection to Requests 23 and 24.

### 4. Document Requests 27 and 28

The Magistrate Judge denied Kelly's Requests 27 and 28, which sought sensitive information about Lincoln's profitability, rates of return, and earnings regarding its long term disability claims/appeals units due to the fact that it is the kind of information that a business reasonably protects from disclosure. (Filing No. 84 at 12.) Additionally, the Magistrate Judge found that there was no reasonable limit on their time or scope. *Id.* The Magistrate Judge noted that if Kelly's punitive damages claims survive for trial, the Court is willing to revisit the extent of discovery reasonably necessary for her to present evidence to the jury on that claim. *Id.* at 13.

Kelly contends that Lincoln has failed to offer any relevant legal authority that would support its objection. (Filing No. 86 at 18.) Lincoln responds that the requests are another fishing expedition designed to learn general information about Lincoln for use in other proceedings, and the information is not probative of whether Kelly is entitled to additional long-term disability benefits. (Filing No. 90 at 6.) The Court agrees. Unlike the reserves information which is used to valuate Kelly's claim and arrive at a settlement value, Kelly has not shown that Lincoln's overall profitability information is used in valuating her claim. This is high-level information and Kelly has not shown that the claims personnel would even have access to this information. In any event,

the Magistrate Judge is willing to revisit this issue should Kelly's punitive damages claims survive for trial. The Court **overrules** Kelly's objection to Requests 27 and 28.

### 5. Document Request 29

The Magistrate Judge denied Document Request 29 which sought production of Lincoln's records retention policy finding that the request was overly broad and unduly burdensome (no reasonable limit on its time and scope). ([Filing No. 84 at 13](#).) Kelly again contends that the 2005 limitation is a reasonable scope, and also posits that the parties' protection order is sufficient to protect disclosure of this information. ([Filing No. 86 at 19](#).) The Magistrate Judge noted that the confidentiality objection did not need to be addressed in light of the fact that the request was overly broad and unduly burdensome. ([Filing No. 84 at 13](#).) Additionally, Lincoln submits that it did not withhold any documentation on the basis that such documents had been destroyed. ([Filing No. 90 at 7](#).) Because Kelly has not established that the Magistrate Judge's conclusion on this issue was clearly erroneous, the Court **overrules** her objection.

### 6. Document Requests 35-50

The Magistrate Judge found Document Requests 35 through 50 to be unintelligible. ([Filing No. 84 at 14](#).) ("Each request has identical language and states as to a particular defense: 'Defendant's Second Defense in its Answer,' or 'Defendant's Third Defense in its Answer'".) *Id.* at 13-14. Specifically, the Magistrate Judge found that these requests did not comply with Rule 34 which requires a document request to "describe with reasonable particularity each item or category of items" requested. *Id.* at 14. Additionally, the Magistrate Judge found that even if the requests were intelligible in seeking specific information about documents related to specific defenses, that it would not be reasonable to make written requests of many of the "defenses" described in Lincoln's Answer.

Kelly contends that when the requests are read in their entirety with the instructions to her discovery, Kelly requested Lincoln to "produce each material document relating to, or referring to, the following areas of inquiry. . ." ([Filing No. 86 at 19](#)). ("This would, by way of example, make request no. 35 read: "Produce each material document relating to, or referring to. . . Defendant's Second Defense in its Answer.")  Because the Magistrate found that even if the requests were intelligible, that the requests would still not be a proper way of obtaining information, Kelly has not shown that the Magistrate Judge's decision in denying the requests was clearly erroneous.  The Court **overrules** Kelly's objection.

C.	**Other Matters**

Kelly objected to the amended schedule set by the Magistrate Judge in her Order.  The Magistrate Judge extended Kelly's non-expert and liability discovery deadline to February 14, 2018.  ([Filing No. 84 at 15](#).)  Expert disclosures were due February 26, 2018, and final witness and exhibit lists were due by February 26, 2018.  During the pendency of this matter, these deadlines have passed.  Additionally, Lincoln has also agreed to an amendment of the case schedule as there is an outstanding Rule 30(b)(6) deposition which the parties planned to schedule after the original discovery deadlines.  ([Filing No. 90 at 8](#).)  It is not apparent if this deposition has occurred or is still outstanding.  In light of the developments in this case during the pendency/stay of these proceedings, revised deadlines for completion of discovery and related issues need to be established.

## IV. CONCLUSION

For the foregoing reasons, the Appeal of the Magistrate Judge's Decision (Filing No. 86) is **GRANTED in part** and **DENIED in part.** It is **GRANTED** as to Requests 17 and 18, and **DENIED** as to the remaining requests. Accordingly, under Rule 72(a), the Court **MODIFIES** the Magistrate Judge's Order (Filing No. 84). Lincoln is hereby **ORDERED** to respond to Requests 17 and 18 within **fourteen (14) days** from the date of this Order. This matter remains scheduled for trial by jury on September 10, 2018. As per the Entry in Filing No. 95,[1] the Stay expires on May 15, 2018 and Plaintiff's response to the summary judgment motion is due by June 12, 2018. Defendant's reply is due by June 26, 2018.

    **SO ORDERED.**

Date: 5/2/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] Filing No. 95 contains a scriveners' error. The Order states that the Court anticipates docketing a ruling on Plaintiff's Objections (Dkt. 86) by no later than July 2, 2018. The Order should state by no later than May 2, 2018.

11

DISTRIBUTION:

Andrew M. Grabhorn
GRABHORN LAW OFFICE PLLC
a.grabhorn@grabhornlaw.com

Michael D. Grabhorn
GRABHORN LAW OFFICE, PLLC
m.grabhorn@grabhornlaw.com

Bart A. Karwath
BARNES & THORNBURG LLP (Indianapolis)
bart.karwath@btlaw.com

Christopher G. Morris
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
cmorris@bakerdonelson.com

John M. Scannapieco
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
jscannapieco@bakerdonelson.com

Laura Elizabeth Gorman
BARNES & THORNBURG LLP (Indianapolis)
lgorman@btlaw.com